Matthew Jacobs
The Jacobs Law Firm, PC
5743 Corsa Avenue, Suite 208
Westlake Village, CA 91362
Telephone: (805) 601-7504
Email: matt@jacobslawfirm.com

*Attorney for Defendants Varsha Patel and Sarang Hospitality, LLC*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SARANG HOSPITALITY LLC, <br><br> Defendant. | Case No. CR-24-1529-SMB <br><br> SENTENCING MEMORANDUM OF SARANG HOSPITALITY LLC |

Sarang Hospitality LLC d/b/a the Royal Inn ("Sarang") respectfully submits this memorandum in advance of its sentencing, currently scheduled for February 4, 2026. Sarang agrees with the Guidelines calculations set forth in the Presentence Investigation Report ("PSR"), which results in a total offense level of 10, based on a Criminal History Category of I. Sarang, which is no longer in business, also respectfully agrees with the Probation's Office recommendation of a "terminal disposition with an entry of a judgment of guilt." PSR at 19.

Sarang joins and incorporates by reference the sentencing memorandum of Varsha Patel (*see* ECF 167), who is Sarang's sole member. PSR ¶ 10. Shortly after becoming aware of the Government's investigation, Ms. Patel retained counsel for both herself and Sarang, and authorized counsel to begin plea discussions with the Government, which ultimately resulted in Sarang's consent to the forfeiture of its sole remaining asset, the Royal Inn.

Ms. Patel happened to be on a preplanned trip to India when law enforcement executed a search warrant at the Royal Inn in September 2024. (She had absolutely no awareness that a search or indictment was imminent when she left the country.) As the Government explains in its sentencing memorandum,

> The government has no evidence that [Varsha Patel] knew about investigation and search warrant, or that [she] left the United States because of the investigation. Despite the timing, Varsha Patel retained current defense counsel while in India to work with the government on a resolution. Varsha Patel also consented that defense counsel would represent Sarang's interests. Because Varsha Patel was the sole member of Sarang, the government had the appropriate person to negotiate the forfeiture of the business quickly and efficiently. Simply put, this motel needed [to be] shut down and has now been shut down. Varsha Patel's willingness to engage in negotiations through counsel, which included her voluntary return the United States, has been the primary factor allowing significantly quicker progress.

ECF 163 at 5:19-6:1.

On behalf of Sarang, Ms. Patel also consented to the interlocutory sale of the Royal Inn to expedite any transactions or remedial efforts that the Government wished to undertake. Moreover, as part of its Plea Agreement, Sarang agreed to a money judgment of more than $1.5 million. As noted in the PSR, Sarang "is not longer in business," and following the agreed-upon forfeiture of the Royal Inn, Sarang "does not have the ability to pay a fine." PSR at 19-20.

For the reasons set forth in the Government's sentencing memorandum (*see* ECF 163), Varsha Patel's sentencing memorandum, in which Sarang joins (*see* ECF 167), and the PSR, Sarang joins the Government and the Probation Office is respectfully requesting that the Court accept the parties' plea agreement.

Dated: January 29, 2026

Respectfully submitted,

THE JACOBS LAW FIRM, PC

By: /s/ Matthew Jacobs
Matthew Jacobs
5743 Corsa Ave., Ste. 208
Westlake Village, CA 91362
Tel: (805) 601-7504
Email: matt@jacobslawfirm.com

*Attorney for Defendants Varsha Patel and Sarang Hospitality, LLC*